IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v. No. 1:21-cr-00153-01-PB

MICHAEL FRANCIS

DEFENSE SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD VARIANCE

The Government and the Defense have a binding and conditional plea agreement. The agreement allows Mr. Francis to appeal the denial of his motions to suppress. It also provides that his conviction for Possession with Intent to Distribute Over 500 Grams of Cocaine will result in a sentence of 150 months of incarceration. The Court has the option of accepting the agreement or rejecting the agreement while permitting Mr. Francis to withdraw his guilty plea. Fed. Rules Crim. Proc. R. 11(c)(4) and (5). Since the sentencing guidelines provide for a sentencing range of 188 – 235 months, the Court will have to grant a variance to impose the agreed-upon sentence. The Court should accept the agreement and grant a downward variance for the following reasons.

First, the Court should recognize that 150 months – 12 ½ years – is a very substantial sentence. It is 80% of the 188-month low end of the guideline range. It is certainly "sufficient, but not greater than necessary, to comply with" the purposes of sentencing set forth in 18 U.S.C. §3553. And, of course, the Court has the discretion to grant such a modest downward variance. *See generally United States v. Booker*, 543 U.S. 220, 259-62 (2005); *Gall v. United States*, 552 U.S. 38, 49-50, (2007); *United States v. Martin*, 520 F.3d 87, 91 (1st Cir. 2008).

Second, the other defendant connected to this cocaine received a sentence of far less than 150 months. The kilo of cocaine belonged to Emilio Flores. By all accounts, he removed the kilo

of cocaine from his apartment and put it into Mr. Francis's car. Presentence Investigation Report (PSIR), ¶13. While the Government certainly contends there is other evidence of drug-related interactions between Flores and Francis, the Government has no direct evidence of any agreement or prior interaction between the two regarding the kilo of cocaine. There is not even evidence that Francis touched the cocaine. Yet, while Flores was the source and direct possessor of the cocaine, he received a sentence of 48 months of incarceration. *See* No. 22-cr-00011-SM-1, Doc. 66. To be sure, Francis has a longer criminal record, and thus is in a higher Criminal History Category, than Flores. But the fact remains that for the same or worse conduct, Flores was sentenced to 48 months while Francis faces 150 months. This factor alone is a reasonable basis for the Court to grant a variance of 20% from the low end of the guidelines to impose a 150-month sentence.

Finally, the Court should grant a variance to impose the agreed-upon sentence because it is the product of extensive litigation over several years at the end of which the parties assessed the risks and uncertainties of trial and reached a fair compromise. This case has a fairly long history. After an initial, "place-holder" one-count indictment, Doc. 7, Mr. Francis was charged in a 5-count superseding indictment with conspiracy and possession with intent to distribute cocaine, fentanyl, and methamphetamine, and two firearms charges. Doc. 18. The defense filed three detailed motions to suppress. In response to the defense motion to suppress evidence from an apartment in Manchester, Doc. 34, the Government stated that it would abandon Counts 3, 4, and 5 of the superseding indictment which were based on evidence seized from that apartment. Doc. 44. In response to the defense motion to suppress statements made by Mr. Francis, Doc. 36, the Government agreed that it would not use those statements at trial. Doc. 45. A third motion sought to suppress evidence seized from Mr. Francis's car, most importantly the kilo of cocaine.

Doc. 35. The Government objected to that motion. Doc. 46. After several evidentiary hearings, additional discovery from the Government, and an additional motion to suppress from the defense, Doc. 54, the Court denied the two motions to suppress which were contested by the Government – the motion regarding evidence seized from the car and the motion regarding evidence deriving from Mr. Francis's arrest.

A product of all of that litigation was a recognition by both parties of the strengths and weaknesses of their cases. As the parties finally approached trial, they reached the plea agreement now before the Court. The agreement offers advantages to each party. For Mr. Freeman, his "worst case scenario" is limited to 150 months when his sentence could be much longer if he was convicted at trial. In addition, the conditional plea allows Mr. Francis to pursue his suppression issues on appeal. On the other hand, the Government gets a conviction in a case based largely on circumstantial evidence, secures a sentence of 150 months incarceration, and has the advantage during the appeal of a trial court ruling in its favor.

When deciding whether to accept a binding plea agreement, it is appropriate for the Court to recognize that both parties have benefitted from the agreement. For example, in *United States v. Rutherford*, No. 2:20-cr-225-NR, 2022 U.S. Dist. LEXIS 37116, at *3-4 (W.D. Pa. Mar. 2, 2022), the Court expressly noted its consideration of such factors:

> The Court therefore looks at additional factors that could comprise justifiable reasons to accept the varied stipulated sentence. While not exhaustive, the Court finds a variety of potentially relevant considerations, many of which applied to Mr. Rutherford in this case. For example, the Court appreciates the certainty and reduced risk that a plea agreement provides to both parties—but particularly to the defendant, who may remove the potential for a more severe sentence. The plea agreement also removes the uncertainty of trial.

The *Rutherford* court cited to *United States v. Kearn*, in which another district court stated, "Courts across the country have recognized the benefits that flow from the certainty of a Rule

11(c)(1)(C) agreement. *United States v. Kearn*, 578 F. Supp. 3d 1221, 1234 (D. Kan. 2022) (collecting cases).

Similarly, in *United States v. Bundy*, 359 F. Supp. 2d 535, 538-39 (W.D. Va. 2005), the district court judge explained that:

> That portion of the Sentencing Reform Act of 1984 kept alive by *Booker*, 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), sets forth the factors that must be considered by the sentencing court, but does not expressly list the government's justifications for the present stipulated sentence. In other words, the exigencies of plea bargaining from the government's point of view--limited resources and uncertainly of result--are not specific sentencing goals of § 3553(a). Nevertheless, I find that I am not prohibited from considering these factors, so long as the sentence is otherwise reasonable in light of § 3553(a).

Lastly, the district court in New Mexico has expressly recognized that the Government's risk at trial is a proper consideration when the Court is deciding whether to accept a binding plea agreement and grant a downward variance. *See United States v. Begay*, No. CR 10-0456 JB, 2012 U.S. Dist. LEXIS 82367, at *8-9 (D.N.M. June 1, 2012); *United States v. Summers*, 506 F.Supp.2d 686, 698-99 (D.N.M. 2007)(Browning, J.); *United States v. Stone*, 374 F.Supp.2d 983, 990 (D.N.M. 2005)(Browning, J.).

In summary, the agreed upon conditional and binding plea agreement provides for a fair resolution and an appropriate sentence. The downward variance is only a 20% variance. Another defendant received a sentence of 48 months for the same conduct that will result in a 150-month sentence for Mr. Francis. And the parties both have legitimate reasons to prefer the certainties of this agreement over the risks and uncertainties of trial.

WHEREFORE the Defense respectfully asks the Court to:

A. Accept the conditional plea such that Mr. Francis is allowed to appeal the denial of his motions to suppress after sentence is imposed.

B. Grant a downward variance from the guideline sentencing range and impose a sentence of incarceration of 150 months.

C. And recommend to the Bureau of Prisons that Mr. Francis be incarcerated as near as possible to Concord, New Hampshire.

Date: April 2, 2024.

Respectfully submitted
by counsel for Michael Francis,

*/s/ Richard Guerriero*
Richard Guerriero, Esq.
N.H. Bar No. 10530
Lothstein Guerriero, PLLC
Chamberlain Block Building
39 Central Square, Suite 202
Keene, NH 03431
Telephone: (603) 352-5000
richard@nhdefender.com

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to Michael Francis at the Merrimack County House of Corrections and to the nonregistered participants on the date the document was signed by me.

*/s/ Richard Guerriero*
Richard Guerriero