UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:21-cr-00153-PB |
| ) | |
| MICHAEL FRANCIS ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant has pled guilty to possessing with intent to distribute 500 grams or more of powder cocaine, in violation of 21 U.S.C. § 841(a)(1). The parties have agreed to recommend a sentence of 150 months' imprisonment. This sentence constitutes just punishment for the offense and is commensurate with the defendant's level of culpability.

Law enforcement officers caught the defendant with a kilogram of cocaine, an empty gun holster, a bandana associated with the Gangster Disciples (a criminal street gang with which he is affiliated), and $10,000, all in the defendant's car, as well as an additional $4,000 in cash on his person, at the time of his arrest at a bank in Manchester. The defendant was also attempting to deposit a casino check for over $50,000 at that time. Phone evidence, including the defendant's messages with an associate forensically recovered from the associate's phone, further confirm the defendant's drug distribution. The above evidence all points to the fact that the defendant was a large volume drug dealer. The defendant also committed the instant offense while on parole for another drug crime; the defendant's prior convictions for similar conduct show that his sentences were not sufficient to prevent him from committing crime again. Taken as a whole, the offense conduct alone in this case warrants a lengthy sentence.

The relevant conduct in this case further supports the recommended sentence: law enforcement recovered four loaded firearms, two of which were stolen, along with ammunition, a

1

narcotics press, drug paraphernalia, 412 grams of methamphetamine, 433 grams of a mixture containing fentanyl, 15.6 grams of cocaine base, and over an additional $10,000 in the defendant's residence. As a felon, he is legally prohibited from possessing firearms. That law enforcement found firearms, including stolen firearms, in the defendant's residence is highly disturbing and shows the need for a sentence that promotes respect for the law.

Furthermore, the defendant has a lengthy criminal history and is a career offender under the guidelines. His convictions include, but are not limited to, multiple drug distribution offenses, including one when he was only 17, and an assault conviction which involved his stabbing a victim in the leg. Accordingly, a substantial sentence is necessary to deter the defendant's future criminal conduct. This need for deterrence is underscored by the defendant's serious disciplinary infractions since his incarceration pending the final disposition in this matter, which include threatening to kill other inmates and a guard at Merrimack County HOC.

A sentence of 150 months is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). The proposed sentence balances the need for a lengthy sentence as described above while taking into account the hardships in the defendant's past as well as principles of graduated sentencing. The parties' agreed-upon plea to 150 months is lower than the low-end of the Guidelines Sentencing Range, but would nonetheless constitute a significant increase above the defendant's longest prior sentence.

For the foregoing reasons, the government advocates that a sentence of 150 months' imprisonment is an appropriate sentence in this case.

                              Respectfully submitted,

                              JOHN J. MCCORMACK
                              Attorney for the United States
                              Acting under authority conferred by 28
                              U.S.C. Section 515

                              /s/ Aaron G. Gingrande
                              Assistant U.S. Attorney
                              New York Bar # 5505912
                              55 Pleasant Street, 4th Floor
                              Concord, New Hampshire 03301

Dated: April 9, 2024